UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>PREMIER RECOVERY GROUP INC.;<br>JOEY YOUNGER; and<br>DOE 1-5<br><br>        Defendants. | Civil Action No. _____ |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Defendants are residents within this District and engaged in the activities herein alleged against Plaintiff while so resided.

**PARTIES**

1

3. Plaintiff, Elizabeth Taylor (hereinafter "Plaintiff" or "Ms. Taylor"), is a natural person residing in Kirkland, Washington.  Defendant, PREMIER RECOVERY GROUP INC. is a corporation believed to maintain its principle place of business at 191 North Street in Buffalo, NY.  JOEY YOUNGER is the chief executive officer of PREMIER RECOVERY GROUP INC., a debt collector, responsible for the policies and procedures of the company, and responsible for those actions giving rise to Plaintiff's causes of action herein.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. PREMIER RECOVERY GROUP INC., JOEY YOUNGER, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Ms. Taylor.

8. On November 7, 2015, Defendants called Ms. Taylor at her place of employment in an attempt to collect an alleged debt.  Ms. Taylor advised Defendants that such calls to her place of employment were prohibited.

2

9. Despite having actual knowledge that calls to Ms. Taylor at her place of employment was prohibited, Defendants continued to call Ms. Taylor at her place of employment on November 10 and 14, 2014.

10. Increasingly harassed and concerned with Defendants' calls to her place of employment, Ms. Taylor retained counsel with Centennial Law Offices.

11. On November 20, 2014, staff from Centennial Law Offices contacted Defendants by telephone, advised Defendants that Ms. Taylor was represented by counsel, and provided counsel's contact information. At Defendants' request, a letter of representation was also faxed to Defendants on November 20, 2014.

12. At no point in time did Ms. Taylor or her counsel authorize Defendants to continue to communicate with her directly.

13. Despite having actual knowledge that Ms. Taylor was represented by counsel, Defendants called Ms. Taylor at her place of employment on December 5, 2014 and left a message requesting a return call. Ms. Taylor returned the call to Defendants. Defendants attempted to obtain payment from Ms. Taylor and then admitted that they had been informed that she was represented by the law firm Centennial Law Offices. Defendants failed to disclose that they were debt collectors during this communication with Ms. Taylor.

14. As a direct result of the collection activity herein alleged, Ms. Taylor has incurred legal fees of $2,355.00.

## CAUSES OF ACTION

### COUNT I

15. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in a communication with Plaintiff, namely that Defendants are debt collectors.

## COUNT II

16. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e)11 by failing to disclose in a communication with Plaintiff that the communication was with a debt collector and being made in an attempt to collect a debt.

## COUNT III

17. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(1) and 1692c(a)(2) by continuing to contact Plaintiff at her place of employment after being advised of the prohibition.

## COUNT IV

19. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(2) by continuing to make collection calls to Plaintiff after having actual knowledge that Plaintiff was represented by counsel and having the means to contact Plaintiff's counsel.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,355.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Date:  November 6, 2015                                s/Robert Amador

                                                                          _____
                                                                          Robert Amador, Esq.
                                                                          Attorney for Plaintiff Elizabeth Taylor
                                                                          Centennial Law Offices
                                                                          9452 Telephone Rd. 156
                                                                          Ventura, CA. 93004
                                                                          (888)308-1119 ext. 11
                                                                          (888) 535-8267 fax
                                                                          R.Amador@centenniallawoffices.com